**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREER G. ZUMMO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EQUABLE ASCENT FINANCIAL, LLC, and ENHANCED RECOVERY COMPANY, LLC. | ) ) ) ) |
| Defendants. | ) ) ) |

JURY DEMAND

**CLASS ACTION COMPLAINT**

### INTRODUCTION

1. Plaintiff Greer G. Zummo files this action individually and on behalf of the classes defined below against Equable Ascent Financial, LLC ("Equable") and Enhanced Recovery Company, LLC ("Enhanced") for violations of the Illinois Collection Agency Act, 225 ILCS 425 et seq., ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"), arising from the collection of debts that Equable purchased and attempted to collect when it was not a licensed debt collector in Illinois and that Enhanced attempted to collect when it was not a licensed debt collector in Illinois.

### JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §1331, the Court has federal question jurisdiction over the claims brought pursuant to the FDCPA.

3. Pursuant to 28 U.S.C §1367(a), the Court has supplemental jurisdiction over the claims brought pursuant to the ICAA.

4. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in this district because a substantial portion of the events giving rise to this action occurred in this district.

## THE PARTIES

5. Plaintiff is a natural person who resided in Cook County Illinois at all times relevant to this action.

6. Plaintiff is a "consumer" as defined by the FDCPA.

7. Equable is an Illinois corporation with its principal place of business at 1120 W. Lake Cook Rd., Suite B, Buffalo Grove, IL 60089.

8. Equable is engaged in the business of purchasing or claiming to purchase charged-off consumer debts and attempting to collect the debts by filing collection lawsuits and otherwise.

9. Equable is a "collection agency" as defined by the ICAA.

10. Equable first became licenced as a collection agency by the state of Illinois on October 6, 2010.

11. Enhanced is a Delaware corporation with its principal place of business in Jacksonville Florida.

12. Enhanced regularly does business in Illinois and has a registered agent, LexisNexis Document Solutions, located in Springfield, Illinois.

13. Enhanced is engaged in the business of collecting consumer debts allegedly owed to others and regularly uses the telephone and United States mail for that purpose.

14. Enhanced is a "collection agency" as defined by the ICAA.

15. Enhanced is a "debt collector" as defined by the FDCPA.

16. Enhanced first became licensed as a collection agency by the state of Illinois on May 26, 2011.

## THE ICAA

17. In order to protect Illinois consumers, the ICAA creates a licensing regime and makes it a crime for collection agencies to operate, directly or indirectly engage in the business of

collecting, or exercise the right to collect in Illinois without first obtaining a license. 225 ILCS 425/4; 225 ILCS 425/14.

18. The ICAA defines a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2.

19. The ICAA further provides that a corporation acts as a collection agency when it "buys accounts, bills, or other indebtedness and engages in collecting the same." 225 ILCS 425/3.

20. The ICAA prohibits a collection agency, whether licensed or not, from attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. 225 ILCS 425/9(a)(20).

21. Similarly, the ICAA also prohibits a collection agency, whether licensed or not, from misrepresenting the amount owed (225 ILCS 425/9(a)(26)) and from collecting or attempting to collect any amount not authorized by law. 225 ILCS 425/9(a)(29).

22. The ICAA affords consumers a private right of action for damages arising from violations of the ICAA.

### FACTUAL BACKGROUND

23. Prior to obtaining a collection agency license in Illinois on October 6, 2010, Equable purchased hundreds if not thousands of accounts receivable ("Debts") allegedly owed by Illinois consumers from some of the nations largest financial institutions, such as GE Capital Corporation.

24. Prior to obtaining a collection agency license in Illinois on October 6, 2010, Equable attempted, directly or indirectly, to collect the Debts from hundreds if not thousands of Illinois consumers.

25. Plaintiff is the victim of identity theft. Although she disputed the fraudulent

3

account at issue in this case with GE Capital, Equable purchased the account in April 2010.

26. Equable subsequently attempted to collect that debt from Plaintiff and took other actions in connection with the collection of the debt by, among other things, reporting to various consumer reporting agencies in May 2010 that Plaintiff owed the debt, sending the account to Enhanced for collections, and suing Plaintiff to recover the alleged debt.

27. Prior to obtaining a collection agency license in Illinois Enhanced mailed plaintiff a letter in an attempt to collect the debt allegedly owned by Equable on February 16, 2011.

28. By attempting to collect the debt from Plaintiff, Enhanced alleged that Plaintiff owed a "debt" as defined by the FDCPA.

29. Prior to obtaining a collection agency license in Illinois on May 26, 2011, Enhanced attempted to collect other debts from hundreds if not thousands of Illinois consumers.

### CLASS ALLEGATIONS

30. Plaintiffs bring this action on behalf of two classes and one sub-class.

31. The Equable Class consists of (a) all natural persons residing in Illinois (b) from whom Equable or any other entity attempted to collect a debt allegedly owed to Equable (c) that Equable purchased between February 8, 2008 and October 6, 2010.

32. There are questions of law and fact common to the class members in the Equable class, which predominate over any questions relating to individual class members. Some of the predominant common questions include:

    a. Whether Equable is a "collection agency" as defined by the ICAA;

    b. Whether Equable was entitled to any payment from Illinois consumers for the debts it had purchased when it was not licensed in Illinois;

    c. Whether Equable violated the ICAA by attempting to collect those

debts;

    d. The appropriate relief.

33. The Enhanced Class consists of (a) all natural persons residing in Illinois (b) from whom Enhanced attempted to collect a debt (c) between February 8, 2008 and May 26, 2011.

34. The Enhanced FDCPA Sub-Class consists of (a) all natural persons residing in Illinois (b) from whom Enhanced attempted to collect a debt (c) between February 8, 2011 and May 26, 2011.

35. Both the Enhanced Class and sub-class are so numerous that joinder of all members is not practicable. There are likely thousands of members of the Enhanced Class and sub-class based on Enhanced's size. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. The members of the Enhanced class and sub-class can be identified easily through records maintained by Enhanced.

37. There are questions of law and fact common to the class members in the Enhanced class and sub class, which predominate over any questions relating to individual class members. Some of the predominant common questions include:

    a. Whether Enhanced is a "collection agency" as defined by the ICAA;

    b. Whether Enhanced is a "debt collector" as defined by the FDCPA;

    c. Whether Enhanced was entitled to attempted to collect debts from Illinois consumers without a collection agency license;

    d. Whether Enhanced violated the ICAA by attempting to collect those debts;

    e. Whether Enhanced the FDCPA by attempting to collect those

debts; and

f.     The appropriate relief.

38.     Plaintiff will fairly and adequately represent the class members of both classes and the sub-class. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claims are typical of the claims of the class members because they are all based on the same factual and legal theories. Plaintiff has no interests adverse to any member of either class or sub-class.

39.     A class action is appropriate for the fair and efficient adjudication of this matter. Class wide relief is essential to compel debt collectors to comply with the FDCPA. Members of both classes and sub-class are likely unaware of their rights and, even if they are, the interest in individually controlling the prosecution of separate claims is small because of the limited damages available. There are likely more than 1,000 possible individual actions for both classes and sub-class, many of which are not economically feasible on their own.

**COUNT ONE - EQUABLE'S VIOLATIONS OF THE ICAA (EQUABLE CLASS)**

40.     Plaintiff incorporates each of the preceding paragraphs as if specifically alleged herein.

41.     Without being licensed to do so, Equable acted as a collection agency with respect to Plaintiff and the class because it "[bought] accounts, bills, or other indebtedness and engage[d] in collecting the same." 225 ILCS 425/3.

42.     By purchasing and attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Equable operated, directly or indirectly engaged in the business of collecting, or exercised the right to collect in Illinois without first obtaining a license in violation of 225 ILCS 425/4 and 225 ILCS 425/14.

43.     By purchasing and attempting to collect the debts allegedly owed by Plaintiff and

the class members without being licensed to do so, Equable attempted or threatened to enforce a right or remedy with knowledge or reason to know that the right or remedy did not exist in violation of 225 ILCS 425/9(a)(20).

44. By purchasing and attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Equable misrepresented the amounts owed in violation of 225 ILCS 425/9(a)(26).

45. By purchasing and attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Equable attempted to collect an amount not authorized by law in violation of 225 ILCS 425/9(a)(29).

46. Plaintiff and all members of the Equable Class have been harmed by Equable.

47. The Equable Class is so numerous that joinder of all members is not practicable. There are likely thousands of members of the Equable Class based on Equable's size. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48. The members of the Enhanced Class can be identified through records maintained by Equable.

49. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Equable Class and against Equable for:

        a. Actual Damages;

        b. Punitive damages; and

        c. Costs and reasonable attorney's fees.

### COUNT TWO - ENHANCED'S VIOLATIONS OF THE ICAA (ENHANCED CLASS)

50. Plaintiff incorporates each of the preceding paragraphs as if specifically alleged herein.

51. By attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Enhanced operated, directly or indirectly engaged in the business of collecting, or exercised the right to collect in Illinois without first obtaining a license in violation of 225 ILCS 425/4 and 225 ILCS 425/14.

52. By attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Enhanced attempted or threatened to enforce a right or remedy with knowledge or reason to know that the right or remedy did not exist in violation of 225 ILCS 425/9(a)(20).

53. By attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Enhanced misrepresented the amounts owed in violation of 225 ILCS 425/9(a)(26).

54. By attempting to collect the debts allegedly owed by the class members without being licensed to do so, Enhanced attempted to collect an amount not authorized by law in violation of 225 ILCS 425/9(a)(29).

55. Plaintiff and all members of the Enhanced class and sub-class have been harmed by Enhanced.

56. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Equable Class and against Enhanced for:

    a. Actual Damages;

    b. Punitive damages; and

    c. Costs and reasonable attorney's fees.

**COUNT THREE - ENHANCED'S VIOLATIONS OF THE FDCPA (ENHANCED SUB-CLASS)**

57. Plaintiff incorporates each of the preceding paragraphs as if specifically alleged herein.

8

58. The FDCPA was enacted to eliminate abusive debt collection practices and to ensure that debt collectors who refrained from abusive practices were not at a competitive disadvantage.

59. To that end, the FDCPA prohibits, among other things, the false, deceptive, or misleading representations or means in connection with the collection of any debt (15 U.S.C. §1692e) and unfair or unconscionable means to collect or attempt to collect any debt (15 U.S.C §1692f).

60. By attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Enhanced falsely, deceptively, and misleadingly represented that it was authorized to do so in violation of 15 U.S.C. §1692e.

61. By attempting to collect the debts allegedly owed by Plaintiff and the class members without being licensed to do so, Enhanced engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C §1692f.

62. Plaintiff and all members of the Enhanced class and sub-class have been harmed by Enhanced.

63. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the sub-class and against Enhanced for:

    a. Actual Damages;

    b. Statutory Damages pursuant to 15 U.S.C. §1692k; and

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

Respectfully Submitted,
Plaintiff Greer G. Zummo

By: /s/ Keith J. Keogh
One of her Attorneys

Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 N. Wacker Drive, Suite 605
Chicago, IL 60606
312-726-1092 (Office)
312-726-1093 (Fax)
Keith@Keoghlaw.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
Attorney for Plaintiff