**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREER G. ZUMMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-00882 |
| v. | ) | |
| | ) | Judge John F. Grady |
| EQUABLE ASCENT FINANCIAL, LLC, and | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ENHANCED RECOVERY**
**COMPANY, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS**
**ACTION COMPLAINT**

Defendant Enhanced Recovery Company, LLC ("Defendant" or "ERC"), by and through

its undersigned counsel, respectfully submits this memorandum of law in support of its Motion

to Dismiss Plaintiff's First Amended Class Action Complaint (the "Motion to Dismiss") and

states as follows:

**UNDISPUTED MATERIAL FACTS**

The Plaintiff filed a First Amended Class Action Complaint (the "Complaint") alleging

that the Defendant violated the Illinois Collection Agency Act, 225 ILCS § 425 *et seq.*, (the

"ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., (the "FDCPA")

by attempting to collect debts in the State of Illinois while not being licensed as a collection

agency with the Illinois Department of Financial and Professional Regulation (the "Department).

Specifically, Plaintiff alleges that Defendant violated section 4 of the ICAA that sets forth the

licensure requirements for collection agencies with the Department.  In addition, Plaintiff alleges

that Defendant violated other provisions of the ICAA as well as the FDCPA but such allegations

are solely based on Defendant's alleged non-licensure.

For instance, Plaintiff alleges that Defendant violated subsections 9(a)(20), (26) and (29)

of the ICAA solely as a result of Defendant's alleged failure to comply with section 4 of the

ICAA.  For instance, Plaintiff alleges as follows:

> By attempting to collect the debts allegedly owed by Plaintiff and the Enhanced
> ICAA Class members without being licensed to do so, Enhanced attempted or
> threatened to enforce a right or remedy with knowledge or reason to know that the
> right or remedy did not exist in violation of 225 ILCS 425-9(a)(20).
>
> By attempting to collect the debts allegedly owed by Plaintiff and the Enhanced
> ICAA Class members without being licensed to do so, Enhanced misrepresented
> the amounts owed in violation of 225 ILCS 425-9(a)(26).
>
> By attempting to collect the debts allegedly owed by Plaintiff and the Enhanced
> ICAA Class members without being licensed to do so, Enhanced attempted to
> collect an amount not authorized by law in violation of 225 ILCS 425-9(a)(29).[1]
>
> (*See docket entry # 37, ¶¶ 572-75*).

However, Plaintiff does not allege any facts to support a violation of the ICAA sections

described above outside of the alleged violation of section 4 of the ICAA.  For instance, Plaintiff

does not allege that Defendant misrepresented actual amounts owed, the right of remedy to

collect the debt did not exist, or that Defendant collected or attempted to collect any interest or

other charge or fee in excess of the actual debt or claim.  Instead, Plaintiff simply claims that

Defendant was not licensed with the Department when it attempted to collect debts within the

State of Illinois.

Likewise, Plaintiff alleges that Defendant violated sections 1692e and 1692f of the

FDCPA solely for Defendant's alleged failure to comply with section 4 of the ICAA.  For

instance, Plaintiff alleges as follows:

By attempting to collect the debts allegedly owed by Plaintiff and the Enhanced FDCPA Class members without being licensed to do so, Enhanced violated 15 U.S.C. § 1692e, e(2)(A), f, and f(1).

(*See docket entry # 37, ¶ 79*).

Similar to Plaintiff's claims under section 9 of the ICAA, Plaintiff does not allege any facts to support a violation of the FDCPA outside of the alleged violation of section 4 of the ICAA. For instance, Plaintiff does not allege that Defendant used false, deceptive, or misleading representations in an attempt to collect a debt or that Defendant engaged in unfair or unconscionable means in an attempt to collect a debt. Instead, Plaintiff simply claims that Defendant was not licensed with the Department when it attempted to collect debts within the State of Illinois.

Contrary to Plaintiff's conclusory allegations, Defendant was at all times material to this lawsuit licensed as a collection agency with the Department, as is shown by the Department's public records.[2] (*See docket entry #23, Ex. 2*). Specifically, Defendant has been licensed as a collection agency with the Department since November 17, 2002, and such licensure has been continuous and will not expire until May 31, 2012. (*See docket entry #23, Ex. 2*). Furthermore, regardless of Defendant's licensure in the State of Illinois, section 4 of the ICAA requires that a plaintiff suffer and plead actual damages to sustain a claim, which the Plaintiff has not done.[3]

---

[1] The pertinent subsection actually disallows Defendant from collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim.

[2] Defendant seeks judicial notice of documents filed with the Illinois Division of Professional Regulation. (*See docket entry # 23, Ex. 2*). Courts may take judicial notice of documents contained in the public record. *See Menominee Indian Tribe of Wis. v. Thompson,* 161 F.3d 449, 456 (7th Cir.1998) ("Judicial notice of...documents contained in the public record...is proper."). Furthermore, documents referred to in a plaintiff's complaint and central to the claim at issue may be considered part of the record. *188 L.L.C. v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). In addition, courts need not convert a motion to dismiss into a motion for summary judgment in considering such documents. *Id.*

[3] Plaintiff added two paragraphs to her First Amended Complaint in which she attempts to set forth facts to show she suffered actual damages in order to sustain her ICAA claim. (*See docket entry #37,* ¶¶39-40). However, Plaintiff only alleges that she suffered actual damages as a result of Defendant Equable Ascent Financial, LLC's ("Equable") – not Defendant ERC's - reporting of Plaintiff's alleged debt to the consumer reporting agencies. For instance, Plaintiff claims she "was forced to incur out of pocket costs of fees charged by Equifax, Experian and Trans Union

Also, section 4 of the ICAA does not provide a consumer with the right to bring a private action against a collection agency for non-licensure. Instead, section 4 of the ICAA provides for specific and mandatory remedies which do not include a private right of action.

## LEGAL ARGUMENT

In order to survive a motion to dismiss, a plaintiff is obligated "to provide the grounds of his entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 550 U.S. at 555.

The Supreme Court has emphasized that a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quotations omitted). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [party against whom the relief is sought] is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. 556). "The plausibility standard is

---

for obtaining her credit reports, postage to mail her disputes, a parking fee at the Evanston post office, and the paper and envelopes that she would have been able to use for other tasks." (*See docket entry #*37, ¶ 40). However, Plaintiff admits that "these out of pocket expenses would not have been incurred but for Equable's purchase and erroneous reporting of the debt to consumer reporting agencies (both while unlicensed)." (*See docket entry #*37, ¶ 40). Therefore, Plaintiff, at most, attempts to allege that she suffered damages as a result of Equable's actions but not ERC's actions.

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) as the record demonstrates that Defendant was at all times material licensed as a collection agency with the Department as required by section 4 of the ICAA. Therefore, no possibility exists that Defendant violated the ICAA as alleged by Plaintiff. Furthermore, as Defendant did not violate section 4 of the ICAA, Plaintiff's other claims must fail as well as such claims are based solely on Defendant's alleged violation of section 4 of the ICAA.

## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE ICAA

Plaintiff fails to state a claim under the ICAA for three reasons. First, Plaintiff fails to state a claim under the ICAA as Defendant at all times material was licensed as a collection agency in the State of Illinois with the Department. Second, the ICAA requires a Plaintiff to have suffered and pled actual damages in order to sustain a claim, which Plaintiff cannot and has not done. Last, the pertinent provision of the ICAA that Plaintiff alleges Defendant violated - section 4 - does not provide for a private right of action and, therefore, Plaintiff does not have standing to bring a claim under such section. Each basis for dismissal is described in turn below.

A.      Defendant Was Licensed At All Times.

The basis for all of Plaintiff's claims in this case is that Defendant was not licensed as a collection agency with the Department and, therefore, Defendant violated section 4 of the ICAA. However, as evidenced by the record, Defendant was licensed as a collection agency with the Illinois Department of Financial and Professional Regulation since November 17, 2002. Furthermore, Defendant's licensure has been continuous and is not set to expire until May 31, 2012. As such, Plaintiff has failed to state a cause of action that Defendant violated the ICAA by

attempting to collect debts within the State of Illinois without being licensed as a collection agency. Accordingly, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

      B.     <u>Plaintiff Has Not Suffered Actual Damages.</u>

In order to bring a claim under the ICAA, a plaintiff must have suffered and pled actual damages. *See Trull v. GC Services Ltd. Partnership*, 961 F.Supp. 1199, 1207 (N.D.Ill. 1997) (court found that actual damages are a necessary element of an ICAA claim and, therefore, dismissed plaintiff's ICAA claims as she failed to plead actual damages); *see also Fruiten v. Creditor Services Bureau of Springfield, Inc.*, 2006 U.S. Dist. LEXIS 37470, at *19-20 (C.D.Ill. June 7, 2006)(dismissing plaintiff's ICAA claim for lack of actual injury as "the Department of Professional Regulations' enforcement authority under the ICAA provides adequate remedy"); *Heckert v. MRC Receivables Corp.*, 655 F.Supp.2d 870, 881 (N.D.Ill. 2009) (dismissing plaintiffs' ICAA claims because plaintiffs failed to establish they suffered any actual damages); *Thomas v. Arrow Fin. Servs., LLC,* 2006 U.S. Dist. LEXIS 63156, at *12-13 (N.D.Ill. Aug. 17, 2006); *McCabe v. Crawford & Co.,* 272 F.Supp.2d 736, 752 (N.D.Ill. 2003); *and Randolph v. Crown Asset Management, LLC*, 254 F.R.D. 513, 519 (N.D.Ill. 2008). Courtesy copies of the *Fruiten* and *Thomas* decisions are attached hereto as Exhibits "A" and "B," respectively.

In *Trull v. GC Services Ltd. Partnership*, the consumer brought a claim under section 9 of the ICAA alleging that the defendant debt collector gave a false impression that it operated as a consumer reporting agency. *Trull*, 961 F.Supp. at 1205. The defendant argued that plaintiff's ICAA claim should be dismissed because the plaintiff failed to plead actual damages. *Id.* at 1207. Specifically, the defendant argued that if no actual damages were pled, then an adequate remedy at law is provided by the enforcement powers of the Illinois Department of Regulation.

*Id.* at 1207. As such, the court held that actual injury was a necessary element to sustain a cause of action under the ICAA and, therefore, dismissed the plaintiff's ICAA claim. *Id.* at 1207-08.

Applying the well recognized case law described above, Plaintiff's claims must be dismissed. Like the plaintiffs described above, the Plaintiff in this case suffered no actual damages as a result of Defendant ERC's actions and, therefore, has pled no actual damages with regard to Defendant ERC. Although Plaintiff has added facts in paragraphs 39 and 40 in her First Amended Complaint that purport to show that she suffered actual damages as a result of Equable's actions, such facts fail to show that she suffered actual damages as a result of Defendant ERC's actions

For instance, Plaintiff alleges she suffered actual damages as a result of Equable's ("Equable") – not Defendant ERC's - reporting of Plaintiff's alleged debt to the consumer reporting agencies. As a result, Plaintiff claims she "was forced to incur out of pocket costs of fees charged by Equifax, Experian and Trans Union for obtaining her credit reports, postage to mail her disputes, a parking fee at the Evanston post office, and the paper and envelopes that she would have been able to use for other tasks." (*See docket entry* #37, ¶ 40). At the same time Plaintiff admits that "these out of pocket expenses could not have been incurred but for Equable's purchase and erroneous reporting of the debt to consumer reporting agencies (both while unlicensed)." (*See docket entry* #37, ¶ 40). At most, Plaintiff has attempted to plead actual damages with regard to Equable but has failed to do so with regard to Defendant ERC. Accordingly, Plaintiff's claims against Defendant ERC under the ICAA should be dismissed.

Furthermore, as Plaintiff's claims under the FDCPA are solely based on her claims under the ICAA that Defendant was not licensed as a collection agency in the State of Illinois – and for

that reason alone Defendant violated the FDCPA – Plaintiff's FDCPA claims should be dismissed as well.

      C.     <u>Plaintiff Lacks Standing to Bring an Action</u>.

Sections 4 and 14 of the ICAA expressly set forth the only available remedies under section 4 of the ICAA. *See* 225 ILCS 425/4, 4.5, 14. Specifically, section 4 of the ICAA mandates that the Department impose a civil fine to be paid by the collection agency. In addition, section 4 of the ICAA empowers the Department to conduct investigations as well as take other actions. *See* 225 ILCS 425/4.5. Furthermore, section 14 of the ICAA expressly allows the Director of the Department, the Attorney General, the State's Attorney of any county in the State or <u>any person</u> to bring a lawsuit under section 4 of the ICAA but only in the name of the People of the State of Illinois and only to seek an injunction. *See* 225 ILCS 425/14a.

Although courts in this district as well as an appellate court in the State of Illinois have found that section 9 of the ICAA provides for an *implied* private right of action *for damages*, Defendant is not aware of any court finding that an implied private right of action is provided under section 4 of the ICAA for any reason. *See Sherman v. Field Clinic*, 74 Ill.App.3d 21, 29 Ill.Dec. 597, 392 N.E.2d 154 (1st Dist. 1979) (emphasis provided); *Kim v. Riscuity*, 2006 U.S. Dist. LEXIS 56450 at *7 (N.D.Ill. July 31, 2006), a courtesy copy of which is attached hereto as "Exhibit C;" *Trull v. GC Services Ltd. Partnership*, 961 F.Supp. 1199, 1207-08 (N.D.Ill. 1997). However, one court was not convinced that a private right of action was afforded to a consumer even under section 9 of the ICAA but found the issue moot as the plaintiff failed to show any damages. *McCabe v. Crawford & Company*, 272 F.Supp.2d 736, 751-752 (N.D.Ill. 2003).

However, the cases above may be distinguished as they only address whether a consumer has a private right of action with regard to section 9 of the ICAA. However, section 4 of the

ICAA varies not only in substance from section 9 of the ICAA but also varies with regard to the remedies expressly provided. For instance, section 4 of the ICAA only addresses a collection agency's requirement to obtain licensure with the Department in order to engage in the business of collecting debts in the State of Illinois. In contrast, section 9 sets forth numerous prohibited acts a collection agency may not undertake that directly affect the consumer, such as continuous and harassing communications which can result in actual harm. Also, section 4 of the ICAA expressly mandates that the Department impose civil fines for attempting to collect debts in the State of Illinois when the company is not licensed as a collection agency thereby providing for an adequate remedy at law. In contrast, the administrative remedies provided under section 9 of the ICAA are discretionary. Last, section 14 of the ICAA expressly provides for the filing of a lawsuit by an individual for a violation of section 4 but severely limits those circumstances. For instance, an individual must bring the lawsuit in the name of the People of the State of Illinois, and only to seek an injunction. For all of these reasons, the cases finding that a consumer has an implied private right of action to bring a suit for violations of section 9 of the ICAA are not applicable.

Although Defendant is not aware of any court deciding whether a private right of action exists under section 4 of the ICAA, courts have applied the following five factors to determine whether a consumer had an implied private right of action under section 9: (1) the acts of the defendant were against the public policy of Illinois;[4] (2) the plaintiffs were within the class of persons the statute was designed to protect; (3) the injuries suffered by the plaintiffs were within the range of injuries the statute was meant to prevent; (4) the need for a civil action was clear to give incentives to have the statute enforced; and (5) there was nothing in the statute indicating an

---

[4] The unlicensed practice of collecting debts is against the public policy of the State of Illinois. *See* 225 ILCS 425/14a.

intent to limit the remedies. *Sherman*, 74 Ill.App.2d at 29-30. Applying the factors used to determine whether a claim under section 9 of the ICAA provides for a private right of action to Plaintiff's claims arising under section 4, Plaintiff's claims fail.

First, the Plaintiff is not within the class of persons section 4 of the ICAA is designed to protect. Nowhere in section 4 of the ICAA, including the remedial provisions, are consumers even referenced. Furthermore, section 4 of the ICAA exempts collection agencies from licensure with the Department if they are licensed in another state that allows for the same exemption. Furthermore, to obtain and maintain licensure does not require compliance with section 9 of the ICAA. In fact, a collection agency need only submit a completed application, pay a fee and post a bond, or meet the exemption. See http://www.idfpr.com/renewals/apply/CollAgency.asp. Clearly, section 4 of the ICAA was not promulgated to protect the individual consumer.

Second, the purpose of section 4 of the ICAA is not to prevent injuries, nor did the Plaintiff in this case suffer injuries as a result of Defendant ERC's actions. For instance, section 4 of the ICAA does not provide or even refer to injuries sustained as a result of a collection agency's non-compliance. In fact, section 14 of the ICAA expressly allows for an individual to bring a lawsuit for violations of section 4 of the ICAA, but does not allow for a remedy of damages. *See* 225 ILCS 425/14a. Instead, the individual may only seek injunctive relief. *Id.*

Third, a need for a civil action to enforce section 4 of the ICAA is clear but limited as set forth by section 14 of the ICAA which limits the remedy of an action to injunctive relief. Furthermore, a need for a civil action to seek damages is lacking under section 4 of the ICAA as individual consumers do not suffer harm solely due to a collection agency's failure to maintain a license with the Department. Furthermore, the Department is mandated to impose civil penalties if violations occur and conduct investigations as well as take other actions.

10

Last, section 4 and 14 of the ICAA do indicate an intent to limit the remedies. For instance, section 14 of the ICAA expressly limits an individual's right to bring a lawsuit with respect to section 4 of the ICAA in that only injunctive relief can be sought and only on behalf of the People of the State of Illinois. Furthermore, section 4 mandates the Department impose civil fines. In contrast, under section 9 of the ICAA, the enforcement by the Department is discretionary.

Accordingly, the factors used to determine whether the Plaintiff has an implied private right of action show that Plaintiff does not have a private right of action. Accordingly, Plaintiff's claims should be dismissed.

DATED: May 22, 2012                              Respectfully submitted,


                                 By:    s/ Paul Gamboa
                                        Paul Gamboa
                                        *One of the Attorneys for Defendant*
                                        *ENHANCED RECOVERY COMPANY, LLC*

J. Hayes Ryan
Paul Gamboa (ARDC #6282923)
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
Fax: (312) 565-6511