**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREER G. ZUMMO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-cv-00882 |
| EQUABLE ASCENT FINANCIAL, LLC, and ENHANCED RECOVERY COMPANY, LLC., | ) Judge John F. Grady ) Magistrate Judge Morton Denlow |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
EQUABLE ASCENT FINANCIAL, LLC'S MOTION TO DISMISS**

Defendant EQUABLE ASCENT FINANCIAL, LLC ("EAF"), by its undersigned attorneys, respectfully submits this memorandum in support of its motion to dismiss ("EAF's Motion").

**INTRODUCTION AND ALLEGATIONS**

Plaintiff Greer G. Zummo ("Zummo") filed this action on February 8, 2012. On May 2, 2012, Zummo filed a First Amended Class Action Complaint ("am. compl."). Count One, entitled "Equable's Violations of The ICAA (Equable Class)," is brought against EAF and alleges that EAF violated the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"). Count Two, entitled "Equable's Violations of the FDCPA (Equable FDCPA Class)," alleges that EAF violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") by operating as a collection agency without a license in the State of Illinois and purchasing and attempting to collect the debts allegedly owed by Zummo and the putative Equable FDCPA class members. Counts Three and Four are purported claims brought against Enhanced Recovery Company, LLC ("Enhanced") pursuant to the ICAA and the FDCPA.

The amended complaint alleges that prior to obtaining a collection agency license in Illinois on October 6, 2010, EAF purchased debts allegedly owed by Illinois consumers (am. compl. ¶ 28). EAF allegedly attempted, directly or indirectly, to collect the debts from Illinois consumers prior to obtaining a collection agency license (Id. ¶ 29). Zummo allegedly is a victim of identity theft and although she disputed the fraudulent account at issue with GE Capital, EAF purchased her account in April 2010 (Id. ¶ 30).

EAF allegedly sought to collect the debt by: (1) reporting to consumer reporting agencies in May 2010 that Zummo owed the debt, (2) sending the account to Enhanced to attempt to collect it, and (3) suing Zummo to collect the debt on December 5, 2011 (Id. ¶¶ 31, 33). Zummo admits that EAF was licensed at the time suit was filed (Id. ¶¶ 28, 33); *see also* documents from the lawsuit *Equable Ascent Financial, LLC v. Greer Zummo*, case No. 11 M1 176599 in the Circuit Court of Cook County, Illinois, attached hereto as Exhibit 1[1].

Enhanced mailed a collection letter to Zummo on February 16, 2011, and attempted to collect other debts from Illinois consumers, allegedly prior to obtaining a collection agency license (am. compl. ¶¶ 36-38). However, the public record shows that Enhanced was licensed as of November 7, 2002. *See* Exhibit 2 hereto (Enhanced collection agency license; public record from Illinois Division of Professional Regulation).

---

[1] Documents that a defendant attaches to a motion to dismiss are considered part of the pleading if they are referred to in the plaintiff's complaint and are central to her claim, and the court need not convert the motion to a motion for summary judgment. *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002) (internal citation omitted); *Rosenblum v. Travelbyus.com, Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002).

Further, this Court may properly take notice of such a public record without this motion to dismiss having to be treated as a motion for summary judgment. Fed.R.Evid. 201; *520 S. Michigan Ave. Assoc., Ltd. v. Shannon,* 549 F.3d 1119, 1137 n.14 (7th Cir. 2008); *Pugh v. Tribune Co.,* 521 F.3d 686, 691 n.2 (7th Cir. 2008). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 568 n.13 (2007).

**ARGUMENT**

The Supreme Court has articulated a two-step approach in deciding whether a pleading is sufficient:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). *See Atkins v. City of Chicago,* 631 F.3d 823, 831-32 (7th Cir. 2011) (affirming dismissal of complaint). This approach is particularly apt, since Zummo does little more than assert unsupported legal conclusions. The few facts pleaded show that ICAA does not apply to EAF and EAF did not violate the FDCPA.

**I.      COUNT ONE FAILS TO STATE A CLAIM.**

     **A.      Zummo's Allegations Find No Support in the ICAA.**

Zummo's allegations of a violation of the ICAA by EAF must be based upon the ICAA and one appellate court case, *LVNV Funding, LLC v. Trice,* 2011 IL App (1st) 092773, 952 N.E.2d 1232 (June 30, 2011). Zummo alleges that: (1) EAF purchased her debt, (2) reported to consumer reporting agencies that Zummo owed the debt, (3) sent the account to Enhanced (a licensed collection agency) to collect the debt, and (4) sued Zummo, through outside attorneys, to recover the debt while EAF was licensed under the ICAA. (am. compl. ¶¶ 28, 31, 33, Exhibits 1 and 2 hereto). Her other allegations are factually unsupported legal conclusions (*see* am. compl. ¶¶ 55-60, 66). *Ashcroft*, 556 U.S. at 679. These allegations do not plausibly give rise to an entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft*, 556 U.S. at 679.

As to the ICAA, first, Section 4 of the ICAA addresses unlicensed conduct and it provides:

> No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act. . ..

225 ILCS 425/4. Section 4 of the ICAA does not provide that a debt buyer must obtain a license before buying the debt. In fact, Section 4 does not cover debt buying nor does any other section of the ICAA address it.[2]

Second, there is no requirement under ICAA that requires a firm to obtain a collection agency license in order to report to a consumer credit agency. Such reporting is not listed among the activities in Section 4 of the ICAA. The ICAA could *not* legally mandate obtaining a license before reporting to a consumer reporting agency. Thousands of non-collection agency firms have legally been reporting to the three major credit bureaus. The Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), extensively regulates this area. The FCRA would pre-empt any supposed state mandate to obtain a license to report and furnish information to consumer reporting agencies or any implied cause of action based upon lack of such licensing (which does not even exist under the ICAA). FCRA, 15 U.S.C. §1681t(1)(F); *see Purcell v. Bank of Am.*, 659 F.3d 622, 624 (7th Cir. 2011) (FCRA pre-empted state statutory law regulating credit reporting and common law); *Macpherson v. JPMorgan Chase Bank, N.A.,* 665 F.3d 45, 47 (2d Cir. 2011) (citing *Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103, 106 (2d Cir. 2009); *Prospective Tenant Report, Inc. v. Dep't of State, Div. of Licensing,* 629 So.2d 894, 895 (Fla. Ct.

---

[2] ICAA Section 3 lists buying accounts, etc. "and engages in collecting same." 225 ILCS 425/3 (emphasis added). Zummo does not plead facts supporting any such engaging in collecting accounts without EAF being licensed.

4

App. 2d Dist. 1993) (FCRA regulated all of defendant's activities and therefore state licensing statute exempted defendant from licensing requirements); *Nelson v. Equifax Info. Servs., LLC,* 522 F.Supp.2d 1222, 1233-34 (C.D.Cal. 2007) (FCRA eliminated all state causes of action against furnishers of information); *Cosmas v. Am. Express Centurion Bank,* 757 F. Supp.2d 489, 499-501 (D.N.J. 2010) (15 U.S.C. § 1681t(b)(1)(F) applied to both statutory and common law claims).

Third, the ICAA certainly does not require a license before sending an account to a licensed collection agency such as Enhanced.

Last as to the ICAA, it is undisputed that EAF was already licensed when its attorneys filed suit against Zummo.

As to *Trice*, it is not like this case at all. *Trice* involved a company, LVNV, which filed suit without being licensed under the ICAA. Here, EAF was licensed at the time its attorneys filed suit on its behalf against Zummo.

In addition, *Trice* did not address whether a debt buyer such as EAF was required to be licensed as a collection agency before: (1) purchasing a debt, (2) referring a case to a licensed collection agency, or (3) reporting a debt to a credit reporting agency.

Thus, Zummo does not identify any illegal act by EAF. Buying her debt, credit reporting, and engaging a licensed collection agency does not require a license under the plain text of the ICAA or the *Trice* case, and EAF was licensed when suit against Zummo was filed. Zummo simply has no claim.

> **B.    Zummo Fails to State a Plausible Claim Since She Alleges No Factual Allegations of Damages As a Result of EAF Being Unlicensed For a Period of Time.**

Moreover, assuming there is a private right of action under the ICAA (which we do not concede), a plaintiff under the ICAA must plead actual injury. *McCabe v. Crawford & Co.,* 272

F.Supp.2d 736, 750-52, 750 n. 14 (N.D.Ill. 2003); *Trull v. GC Servs. Ltd. P'ship,* 961 F.Supp. 1199, 1207-08 (N.D.Ill. 1997). Here, Zummo alleges no factually supported allegations plausibly suggesting she suffered actual injuries because EAF was unlicensed for a period of time. Her purported claim fails on this ground as well.

This requirement of suffering actual injury also disqualifies Zummo as an adequate class representative and illustrates the impossibility of certifying a valid class. Individual inquiries into whether each putative class member may have suffered actual injury as a result of non-licensing will be necessary.

### C. The ICAA Does Not Provide For Recovery of Punitive Damages or Attorney's Fees.

The ICAA, even if it applied to EAF, does not provide for recovery of punitive damages or attorney's fees. Therefore, this Court should strike Zummo's request for punitive damages and attorney's fees.

## II. COUNT II FAILS TO STATE A CLAIM UNDER THE FDCPA.

Zummo's FDCPA claims are based upon her claims that EAF violated the ICAA. However, since EAF did not violate the ICAA, Zummo's FDCPA claims fail as well.

Further, the FDCPA is not an enforcement mechanism for rules of state law. In *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470 (7th Cir. 2007) the plaintiff sued a law firm for serving a citation that caused a bank to freeze her checking account. Apparently, the account was exempt from seizure because all of plaintiff's current income consisted of Social Security disability payments. The Seventh Circuit rejected plaintiff's theory that the law firm violated the FDCPA:

> Her theory is that it is "unfair" or "unconscionable" for a debt collector to violate any other rule of positive law. She has in mind 42 U.S.C. § 407(a), which exempts Social Security benefits from attachment or other legal execution, and Illinois law, which adopts

6

> the same rule. See *Fayette County Hospital v. Reavis,* 169 Ill.App.3d 246, 119 Ill.Dec. 937, 523 N.E.2d 693 (5th Dist. 1988).
>
> There are two problems with Beler's approach. First, § 1692f [of the FDCPA] creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause. If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law. Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

*Id.* at 473-74.

In a case similar to this action, *Washington v. North Star Capital Acquisition, LLC,* 2008 WL 4280139 (N.D.Ill. Sept 15, 2008), Judge Kocoras dismissed the plaintiff's FDCPA complaint based upon alleged violations of the ICAA. Plaintiff alleged that defendant North Star violated the ICAA by filing a lawsuit in state court knowing that it had an invalid claim. Plaintiff specifically alleged that North Star knew, or should have known, that its non-compliance with Section 8b of the ICAA provided plaintiff with a complete defense. The court rejected this argument:

> But Washington fails to allege the statements contained in North Star's state complaint are false; instead, he finds the pleading insufficient under the ICAA because the alleged assignment was not attached to North Star's state court complaint. The FDCPA does not address state court litigation nor does it provide any requirements for what must be attached to a state court complaint. Therefore, Washington's 1692(e) claim is premised on an alleged violation of Illinois state pleading requirements and the FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure.

*Id.* at *2. The court explained:

> The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation. *See Carlson v. First Revenue Assurance,* 359 F.3d 1015, 1018 (8th Cir. 2004). *Beler's* rationale is again fitting: if North Star violated the

7

> ICAA, then that statute's rules should be applied. The FDCPA should not be used as a way to piggyback one's state claims into federal court. As such, Count I doe[s] not state a claim upon which relief can be granted and it is consequently dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

*Id.*

In a case very similar to the case at bar, the court in *Fick v. Am. Acceptance Co.,* 2012 WL 1074288 (N.D.Ind. Mar. 28, 2012), dismissed a FDCPA complaint which alleged that the plaintiff was not licensed as a collection agency in Indiana when it sued Fick in an Indiana state court. Similarly, in *Rosales v. Unifund CCR Partners,* 2008 WL 5156681 (N.D.Ill. Dec. 5, 2008), the plaintiff alleged that the defendant violated the FDCPA by submitting inadequate affidavits in state court when the defendant had sued her. Judge Der-Yeghiayan dismissed the complaint:

> Thus, Rosales' concerns regarding the propriety of the Kenney Affidavits attached to state court pleadings are state concerns and can be addressed by the state courts. Under the federal notice pleading standard, in order to ascertain the claim pled, the court must look to the allegations in the complaint rather than the labels of the causes of action in the complaint [citation omitted]. Rosales has not pled a FDCPA claim merely by listing the act in the complaint and calling her claim a "FDCPA-Class Claim."

*Id.* at *2.

Thus, Zummo's allegations that certain conduct violated the ICAA do not turn that purported violation into a viable FDCPA claim.

### III. ZUMMO'S FDCPA CLAIMS IN COUNT II ARE PARTIALLY BARRED BY THE FDCPA'S ONE-YEAR STATUTE OF LIMITATIONS.

Where the complaint plainly reveals that an action is untimely under the governing statute of limitations, a defendant can properly file a Rule 12(b)(6) motion to dismiss on that ground. *Andonissamy v. Hewlett-Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008); *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005). That is the situation in this case.

8

The FDCPA contains a one-year statute of limitations. 15 U.S.C. § 1692k(d). Zummo filed this action on February 2, 2012 (Doc. #1). She alleges that EAF purchased her account in April 2010 (am. compl. ¶ 30). EAF allegedly reported to consumer credit agencies in May 2010 (Id. at ¶ 31). Under the FDCPA one-year statute, any FDCPA claims based upon these allegations must have been brought on or before April/May 2011. Zummo filed this suit on February 2, 2012. Therefore, to the extent Zummo's FDCPA claims are based upon these allegations, they are barred by the FDCPA's one-year statute of limitations and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant Equable Ascent Financial, LLC respectfully submits that the Court grant its Motion to Dismiss.

EQUABLE ASCENT FINANCIAL, LLC, Defendant

David M. Schultz
Clifford E. Yuknis
Starr M. Rayford
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
srayford@hinshawlaw.com

By:/s/*Clifford E. Yuknis*
   One of its Attorneys