IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREER G. ZUMMO, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 12-cv-882 ) ) Judge John F. Grady |
| v. | ) ) Magistrate Judge Morton Denlow |
| EQUABLE ASCENT FINANCIAL, LLC, and ENHANCED RECOVERY COMPANY, LLC. | ) ) ) ) |
| Defendants. | ) ) |

**MOTION FOR LEAVE TO FILE**
**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Greer Zummo respectfully requests this Court to grant leave to file her Second Amended Class Action Complaint, and states the following in support.

1. On February 8, 2012, Plaintiff filed her Class Action Complaint, alleging that Defendants Equable Ascent Financial, LLC ("Equable") and Enhanced Recovery Company, LLC ("Enhanced") violated the Illinois Collection Agency Act ("ICAA") and the Fair Debt Collection Practices Act ("FDCPA"). Docket # 1 ("DE __").

2. On May 2, 2012, Plaintiff filed, with leave of Court (DE 36), her First Amended Class Action Complaint, alleging again that Equable and Enhanced violated the ICAA and FDCPA. DE 37.

3. On May 22, 2012, Enhanced filed its Motion to Dismiss and Memorandum in Support (DE 41, 43).

4. On May 23, 2012, Equable filed its Motion to Dismiss and Memorandum in Support (DE 44, 45).

5. Through researching the factual and legal arguments advanced by Defendants' Motions to Dismiss, Plaintiff has determined that the proposed second amended complaint would increase the expediency of this case's progress, ultimately reaching a determination on the merits more quickly than if this amendment were not allowed.

6. The proposed second amended complaint eliminates the causes of actions plead under the Illinois Collection Agency Act, leaving only the causes of actions plead under the Fair Debt Collection Practices Act. In doing so, the proposed amendment eliminates all but one class (with an added sub-class) and cuts short the time period of the class by 80%.

7. The proposed amendment will eliminate the need for the parties to brief the issue of whether or not Equable was a "collection agency" under the ICAA.

8. Federal Rule of Civil Procedure 15 governs the amendment of pleadings and provides, in relevant part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Espey v. Wainwright*, 734 F. 2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993).

9. Plaintiff seeks to amend her complaint at an early point in the litigation; indeed, the original complaint was filed less than five months ago. There is no bad faith present, as the amendment

seeks only reduce the burden upon each party be eliminating the state law causes of action, reducing the four classes plead in the original complaint to only one class and a sub-class, and reducing the class time period involved from five years to one year. Significantly, the amendment will eliminate any need to brief the issue of whether Equable was a "collection agency" under the ICAA. Finally, no prejudice to either defendant will result.

10. On June 29, 2012, Plaintiff's counsel Keith Keogh left voice mails for counsel for Equable, David Schultz, and counsel for Enhanced, Paul Gamboa, to discuss Plaintiff's plan to seek leave to amend her complaint. As of the filing of this Motion, counsel has not heard from either Messrs. Schultz or Gamboa.

WHEREFORE, Plaintiff Greer Zummo requests this Court to grant leave to file her Second Amended Class Action Complaint, which is attached hereto as <u>Exhibit 1</u>.

        Respectfully Submitted,
        Plaintiff Gregory Leeb

        By: /s/ Craig M. Shapiro
        One of his attorneys

Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 N. Wacker Drive, Suite 605
Chicago, IL 60606
312-726-1092 (Office)
312-726-1093 (Fax)